## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 597 | **DATE** | 2/27/2008 |
| **CASE TITLE** | Dagle vs. American Building Maintenance | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Mr. Dagle's application for leave to proceed *in forma pauperis* (DE 3) is denied without prejudice. Mr. Dagle is directed either to (1) file by 3/14/08 an amended financial statement providing further information as to (a) the amount of equity, if any, in his home and (b) his current sources of income, if any, or (2) pay the $350 filing fee to the Clerk of the Court by 3/21/08. If Mr. Dagle files an amended financial statement by 3/14/08, he need not pay any filing fee with the Clerk of Court until further order of this Court. Mr. Dagle's motion for appointment of counsel (DE 4) is entered and continued at present, with a ruling to be made after final resolution of the application for leave to proceed *in forma pauperis*.

■[ For further details see text below.]   Docketing to mail notices.

### STATEMENT

*Pro se* plaintiff Carlos G. Dagle has filed a complaint (DE 1) alleging: (1) employment discrimination, specifically alleging that his former employer, American Building Maintenance, discriminated against him on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964 and on the basis of disability in violation of the Americans with Disability Act of 1990; and (2) Retaliatory Discharge for filing a Workers Compensation claim. Mr. Dagle received Notice of Right to Sue from the United States Equal Employment Opportunity Commission, issued on November 1, 2007. He timely filed his complaint on January 28, 2008.

Along with his complaint, Mr. Dagle filed an application to proceed *in forma pauperis* ("IFP"), along with a supporting financial affidavit (DE 3) and a motion for appointment of counsel (DE 4). Under 28 U.S.C. § 1915(a), the court may grant plaintiffs IFP status if they are unable to pay the prescribed court fees. However, the inquiry does not end there. Under 28 U.S.C. § 1915, the court should also, upon application for leave to file IFP, conduct an initial review of the plaintiff's claims and dismiss the action upon a finding that (1) the action is frivolous or malicious, (2) it fails to state a claim for which relief can be granted, or (3) petitioner seeks damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); *Alston v. Debryun*, 13 F.3d 1036, 1039 (7th Cir. 1994). The Court applies the same standards as if it were an ordinary dismissal under Fed. R. Civ. P. 12(b)(6). We address both in turn.

First, in his financial affidavit, Mr. Dagle states that he has been unemployed since March 7, 2007, but that prior to that he was working at American Building Maintenance earning $14.75 an hour. He also notes that he has received $9,542.00 in unemployment payments, $800.00 in other self-employment payments, and $800.00 in rent payments during the past 12 months. Mr. Dagle also lists as an asset a home that he owns valued at $153,000, on which he has monthly mortgage payments of $1,423.27. The financial affidavit does not indicate the amount of equity that Mr. Dagle has in his home. He does not have any dependants.

**STATEMENT**

While Mr. Dagle need not be penniless in order to qualify for IFP status under 28 U.S.C. § 1915(a)(1), he must satisfy the Court that payment of the $350.00 filing fee will prevent him from providing life's necessities. See *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980) (citing *Adkins v. E.I. duPont De Nemours & Co.*, 335 U.S. 331, 339 (1948)). Here, although Mr. Dagle appears not to have a steady source of income at this time, he may be receiving regular rent payments and lists ownership interests in a home that suggests a waiver of the presumptive filing fee may be inappropriate. See, *e.g.*, *Holmes v. Read Mental Health Center*, No. 97-4189, 1997 WL 567842, at *2 (N.D. Ill. Sept. 5, 1997) (denying an IFP application where the plaintiff, though unemployed at the time, had bank accounts with balances of $7,900 and $8,600, and received social security payments); *Dean v. Ocwen Fed'l Bank*, No. 98-970, 1998 WL 433759, at *1-2 (N.D. Ill. July 29, 1998) (denying motion to appoint counsel where, *inter alia*, plaintiff owned cars with a combined value of $18,000 and a home with $35,000 in equity in it). Based on the financial affidavit with Mr. Dagle's application, the Court lacks a basis for finding that Mr. Dagle is indigent and that the payment of the filing fee would prevent him from providing life's necessities for himself. Accordingly, the Court denies without prejudice the application for leave to proceed IFP at this time. The Court directs Mr. Dagle either to (1) file by 3/14/08 an amended financial statement providing further information as to (a) the amount of equity, if any, in his home and (b) his current sources of income, if any, or (2) pay the $350 filing fee to the Clerk of the Court by 3/21/08. If Mr. Dagle files an amended financial statement by 3/14/08, he need not pay any filing fee with the Clerk of the Court until further order of this Court.

Second, in reviewing the petition we apply the standard used in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss a claim only if it appears beyond a doubt that there exist no facts to support the allegations. See *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Complaints by *pro se* parties are held to less stringent standards than pleadings drafted by lawyers. See *Alvarado v. Itscher*, 267 F.3d 648, 651 (7th Cir. 2001). Based upon Mr. Dagle's complaint on its face, it appears that Mr. Dagle has sufficiently stated his claims to survive the federal pleading standards. As noted above, Mr. Dagle alleges employment discrimination claims under Title VII and disability claims under the American Disabilities Act ("ADA") related to his termination from employment by Defendant, including unlawful retaliation claims. Supporting his Title VII claims, Mr. Dagle received a right-to-sue letter from the EEOC which he attached to his complaint; a procedural prerequisite to filing a Title VII suit in federal court. See *Movement for Opportunity & Equality v. General Motors Corp.*, 622 F.2d 1235, 1240 (7th Cir. 1980). Specifically, Mr. Dagle alleges that he was discriminated against and ultimately discharged on March 5, 2007 because of his national origin and disabilities. Mr. Dagle also alleges that the Defendants fired him as retaliation for his filing of a workers compensation claim. See Complaint (DE 1). The facts alleged are sufficient for Plaintiff to state a claim and survive dismissal at this stage.

At this time, the Court denies without prejudice Mr. Dagle's application for leave to proceed *in forma pauperis* based upon the insufficiencies in his financial affidavit noted above. In light of the Court's denial without prejudice of Mr. Dagle's IFP application, and the further directives pertinent to renewal of that application set forth in this minute order, the Court will enter and continue Mr. Dagle's motion for appointment of counsel and will issue a ruling on that motion after the renewed application for leave to proceed *in forma pauperis* is resolved.