UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS DAGLE, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 cv 597 |
| ) | Judge Dow |
| v. ) | Magistrate Judge Brown |
| ) | |
| AMERICAN BUILDING ) | |
| MAINTENANCE CO., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant ABM Janitorial – Midwest, Inc. (incorrectly named as American Building Maintenance)[1], hereby makes the following answer to Plaintiff's Complaint.

1. This is an action for employment discrimination.

**ANSWER:** Defendant admits that the complaint purports to state a claim for employment discrimination but denies that any discrimination or other wrongful conduct occurred.

2. The plaintiff is Carlos Dagle of the county of Cook in the State of Illinois.

**ANSWER:** Defendant admits the allegations of paragraph 2.

3. The defendant is American Building Maintenance, whose street address is 180 North LaSalle St. Chicago, Cook County, IL, 60601. (312) 541-0050.

---

[1] Plaintiff has improperly named American Building Maintenance as the party Defendant. American Building Maintenance Company was formerly a California corporation, but no longer exists. Plaintiff was never employed by American Building Maintenance Company. He was initially employed by American Building Maintenance Company of Illinois, Inc. which eventually merged into ABM Janitorial – Midwest, Inc. the entity by whom Plaintiff was employed at the time of his separation. A copy of the complaint was mailed to American Building Maintenance at the address at which ABM Janitorial – Midwest, Inc. does business. However, no waiver of service form was included, nor was any other form a proper service under the Federal Rules made.

**ANSWER:** Defendant denies the allegations of paragraph 3, as American Building Maintenance is no longer an existing corporation, and when it existed was never Plaintiff's employer. ABM Janitorial- Midwest, Inc. admits that it maintains a corporate office at the address listed.

4. The plaintiff sought employment or was employed by the defendant at 9400 S. Lafayette Ave. Chicago, Cook County, IL 60620.

**ANSWER:** Defendant denies the allegations of paragraph 4, other than to admit that it once employed Plaintiff.

5. The plaintiff was employed but is no longer employed by the defendant.

**ANSWER:** Defendant admits the allegations of paragraph 5.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, May 200

**ANSWER:** Defendant denies the allegations of paragraph 6.

7.1. The defendant is not a federal governmental agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with the United States Equal Employment Opportunity Commission, on or about March 13, 2007.

**ANSWER:** Defendant admits the allegations of paragraph 7.1.

7.2 The defendant is a federal government agency, and the plaintiff received a Final Agency Decision on November 1, 2007.

**ANSWER:** Defendant denies the allegations of paragraph 7.2.

8. The United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on November 1, 2007, a copy of which notice is attached to this complaint.

**ANSWER:** Defendant admits the allegations of paragraph 8.

9. The defendant discriminated against the plaintiff because of the plaintiff's National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

**ANSWER:** Defendant denies the allegations of paragraph 9.

2

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. §1983).

**ANSWER:** Defendant denies the allegations of paragraph 10 as it is not a state, county, municipality or other governmental agency.

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3); for 42 U.S.C. §1981 and §1983 by 42 U.S.C. §1988; for the A.D.E.A. by 42 U.S.C. §12117; for the Rehabilitation Act, 29 U.S.C. §791.

**ANSWER:** Defendant admits that this Court has subject matter jurisdiction of Plaintiff's claim for discrimination, and pendent jurisdiction over Plaintiff's claim for workers compensation retaliation.

12. The defendant terminated the plaintiff's employment.

**ANSWER:** Defendant admits the allegations of paragraph 12.

13. The facts supporting the plaintiff's claim of discrimination are as follows:

>Performing job in a satisfactory manner.
>Falsely accused of stealing copper.
>Did not steal copper.
>Defendant (ABM) could not have reasonably believed that Plaintiff stole copper.
>Defendant admitted that it knew that Plaintiff did not steal any copper.

Defendant made false allegation as pretext for discrimination.

## **Additional Count**

1. Plaintiff claims he was fired in retaliation for filing a WC claim.

2. Plaintiff was injured on the job in May 2006 and filed a WC claim.

3. After returning to work, Plaintiff was harassed by Defendant because he filed the WC claim.

4. Plaintiff's WC claim is still pending.

**ANSWER:** Defendant denies the allegations of paragraph 13, including the additional count, other than to admit that Plaintiff filed a workers compensation claim alleging a work related injury which had supposedly occurred in May 2006, and that Plaintiff's workers compensation claim remains pending.

14. Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

**ANSWER:** Defendant denies the allegation of Paragraph 14.

15. The plaintiff demands that the case be tried by a jury.

**ANSWER:** Paragraph 15 makes no allegation or assertion against Defendant and therefore does not require response.

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff:

Direct the defendant to re-employ the plaintiff.

If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

Grant such other relief as the Court may find appropriate.

**ANSWER:** Defendant admits that Paragraph 16 requests the relief stated therein, but denies that such relief, or indeed any relief whatsoever is appropriate in this case.

## AFFIRMATIVE DEFENSES

1. All or portions of the relief requested are barred by Plaintiff's failure to comply with statutory prerequisites to suit.

2. All or portions of the relief requested are barred by Plaintiff's failure to take reasonable steps to mitigate his damages.

3. All or portions of the relief sought by Plaintiff are barred by his contributory fault.

4. Even assuming *arguendo* that an unlawful motivation contributed to the decision to terminate Plaintiff or in any other treatment received by Plaintiff, Defendant would have made the same decisions and engaged in the same behavior even in the absence of the prohibited motivation.

5. Plaintiff has failed to make sufficient service of process on Defendant in that the entity named as the Defendant no longer exists and the method of delivery of the summons and complaint does not comport with any of the methods permitted by Rule 4.

WHEREFORE, Defendant prays that this Court enter an order dismissing the case with prejudice and entering judgment on the merits in Defendant's favor, together with costs, attorneys fees and such other and further relief as the Court deems just in the matter.

Dated: July 17, 2008       Respectfully submitted,

ABM JANITORIAL – MIDWEST, INC.


By: /s Robert T. Zielinski
    Robert T. Zielinski
    Leigh M. Callander
    Attorneys for Defendant
    Miller, Canfield, Paddock and Stone, P.L.C.
    225 W. Washington, Suite 2600
    Chicago, IL 60606
    Telephone: (312) 460-4216

**Certificate of Service**

       I, Robert T. Zielinski, hereby certify that on July 17, 2008, I caused a copy of the foregoing **DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** to be served upon counsel for the Plaintiff by electronically filing it with the Clerk of the Court by using the CM/ECF System, which will send notification of such filing, and via U.S. Mail, to the following party:

       **Mr. Carlos Dagle**
       **9400 South Lafayette Avenue**
       **Chicago, IL 60620**


       /s Robert T. Zielinski